UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN SALYERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 18-CV-4180 ) |
| JUSTIN BRYANT, *et al.*, | ) ) |
| Defendants. | ) |

MERIT REVIEW AND CASE MANAGEMENT ORDER

     The plaintiff, proceeding *pro se*, filed his original complaint on August 31, 2018, and was directed to either pay the filing fee or file a motion for leave to proceed *in forma pauperis* ["IFP"] within 21 days. On September 7, 2018, Plaintiff filed an [4] amended complaint, [5] motion to request counsel, and a [6] petition to proceed IFP. The Court granted plaintiff leave to proceed IFP and the case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

     In reviewing the amended complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the amended complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging in his amended complaint that he was found guilty of attempting to organize a white supremacist group at Hill Correctional Center after an initial attempt to accuse him of the same offense was unsuccessful. Plaintiff alleges that Defendant Bryant, an Internal Affairs officer, continued his investigation of Plaintiff because Plaintiff exercised his constitutional right to present a defense during the first disciplinary hearing. Plaintiff also alleges that he was found guilty of two disciplinary tickets for refusing to accept a cellmate after he told officials he would not accept a cellmate until Internal Affairs stopped "fucking with [him]." Plaintiff alleges that Defendant Dorethy signed off on the adjustment committee reports, and that Defendant Knauer failed to remedy the problem in his appeal to the ARB.

Plaintiff states a First Amendment claim for retaliation against Defendant Bryant based on the claim that the investigation into Plaintiff's gang activity continued solely because Plaintiff exercised his due process right to present a defense. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Plaintiff, however, does not state a claim against Defendants Dorethy and Knauer. No plausible inference arises that these defendants were personally involved in the investigation, and Plaintiff cannot sue these individuals just because they were in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Finally, Plaintiff does not state a claim based on the Fifth Amendment's double jeopardy clause. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996) ("[A]n acquittal in an earlier prison disciplinary hearing is no bar to a subsequent hearing to consider the very same charge.").

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a First Amendment retaliation claim against Defendant Bryant. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to

discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate Stephanie Dorethy and Debbie Knauer as defendants.

12. The clerk is directed to attempt service on Defendant Bryant pursuant to the standard procedures.

13. Plaintiff filed a motion for counsel [5]. The Court has referred this case to the Pro Bono Coordinator for purposes of attempting to locate counsel who may be interested in representing plaintiff.

14. Plaintiff's Motion for Leave to File an Amended Complaint [4] is granted. Clerk is directed to docket the amended complaint attached to Plaintiff's motion.

15. Plaintiff's motion for status [8] is denied as moot.

16. A digital recording of the merit review hearing has been attached to the docket.

Entered this 9th day of November, 2018.

*s/Harold A. Baker*
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE